UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>BRIAN MICHAEL WARNOCK,<br><br>　　　　　　　　Defendant. | CASE NO. 22-CR-00150-LK<br><br>ORDER GRANTING IN PART UNOPPOSED MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DATES |

This matter comes before the Court on Defendant Brian Michael Warnock's Unopposed Motion to Continue Trial and Pretrial Motion Dates, Dkt. No. 25, as well as his Speedy Trial Waiver, Dkt. No. 26. On September 21, 2022, a federal grand jury indicted Defendant with one count of possession of a controlled substance with intent to distribute, two counts of unlawful possession of a firearm, and one count of possession of a firearm in furtherance of a drug trafficking crime. Dkt. No. 16 at 1–3; *see* 21 U.S.C. § 841(a)(1); 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A). Defendant pleaded not guilty to all counts and is currently scheduled to be tried before a jury on November 28, 2022. Dkt. No. 22.

Defense counsel seeks to continue trial to May 30, 2023 because "[t]he charges in this case are very serious" and counsel "needs time to review discovery with Mr. Warnock, and conduct investigation regarding the offense[s] and Mr. Warnock's background for mitigation." Dkt. No. 25 at 2. Defendant avers that he understands his rights under the Speedy Trial Act and "knowingly, voluntarily, and with advice of counsel waive[s] [his] right to a speedy trial and consent[s] to the continuation of the date of [his] trial from November 28, 2022, to a date up to and including June 30, 2023." Dkt. No. 26 at 1.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to counsel's need for more time to review the evidence, consider possible defenses, gather evidence material to the defense, and prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court also finds that the additional time requested is a reasonable period of delay and will be necessary to provide counsel and Defendant reasonable time to accomplish these tasks.

Defense counsel also seeks to continue the pretrial motions deadline to May 2, 2023. The Court denies this portion of the motion without prejudice, and sets the due date in accordance with its standard schedule. *See, e.g.*, Dkt. No. 22.

For these reasons, the Court GRANTS IN PART Defendant's Unopposed Motion to Continue Trial and Pretrial Motions Dates, Dkt. No. 25, and ORDERS that trial shall be continued from November 28, 2022 to May 30, 2023. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the original November 28, 2022 trial date to the

new trial date is EXCLUDED when computing the time within which Defendant's trial must commence under the Speedy Trial Act. Pretrial motions are due no later than April 18, 2023.

Dated this 6th day of October, 2022.

*Lauren King*

Lauren King
United States District Judge