UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>       v.<br><br>BRIAN MICHAEL WARNOCK,<br><br>                              Defendant. | CASE NO. 22-CR-00150-LK<br><br>ORDER GRANTING IN PART UNOPPOSED MOTION TO CONTINUE TRIAL, DEFERRING REQUEST TO RESET PRETRIAL MOTIONS DEADLINE, AND ORDERING PARTIES TO SHOW CAUSE |

    This matter comes before the Court on Defendant Brian Michael Warnock's Unopposed Motion to Continue Trial and Reset Motions Deadline, Dkt. No. 57,[1] as well as his speedy trial waiver, Dkt. No. 58. On September 21, 2022, a federal grand jury indicted Mr. Warnock on one count of Possession of a Controlled Substance with Intent to Distribute, two counts of Unlawful Possession of a Firearm, and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Dkt. No. 16 at 1–3; *see* 21 U.S.C. § 841(a)(1), (b)(1)(B); 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(i). He pleaded not guilty to all counts. Dkt. No. 22. Although Mr.

---

[1] Mr. Warnock's unopposed motion is mistakenly noted for May 12, 2023. *Id.* at 1. Under Local Criminal Rule 12(b)(8), it should be noted for December 27, 2023—the date of filing.

ORDER GRANTING IN PART UNOPPOSED MOTION TO CONTINUE TRIAL, DEFERRING REQUEST TO RESET PRETRIAL MOTIONS DEADLINE, AND ORDERING PARTIES TO SHOW CAUSE - 1

Warnock's jury trial was originally slated to begin on November 28, 2022, *id.*, the Court granted in part his unopposed motion to continue trial to May 30, 2023, Dkt. No. 27. It thereafter granted a second unopposed motion to continue trial to January 8, 2024. Dkt. Nos. 45, 47.

Mr. Warnock now requests a third continuance to April 8, 2024, and wishes to reset the pretrial motions deadline to February 26, 2024. Dkt. No. 57 at 1. Defense counsel attests that this continuance is necessary because "[t]he negotiations in this case are more complicated than an ordinary single defendant case." *Id.* According to counsel, "a resolution without trial is anticipated," but "[t]his matter simply involves some more complex collateral issues that are integral to resolution on terms satisfactory to both parties[.]" *Id.* These remaining issues have apparently "resulted in unanticipated delay." *Id.* Mr. Warnock avers that he has consulted with counsel and knowingly and voluntarily waives his speedy trial right, and consents to a continuance of his trial date to on or before April 8, 2024. Dkt. No. 58 at 1.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Mr. Warnock in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to counsel's need for more time to engage in plea negotiations, explore "complex collateral issues" integral to a fair and satisfactory resolution of this case, and—to the extent no resolution is reached—to prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court also finds that the additional time requested is a reasonable period of delay and will be necessary to provide counsel and Mr. Warnock reasonable time to accomplish these tasks. The Court notes, however, that filing a motion to continue on the eve of trial without good cause disrupts the Court's schedule and may result in sanctions in the future.

For these reasons, the Court GRANTS IN PART the motion, Dkt. No. 57, and ORDERS that trial shall be continued from January 8, 2024 to April 8, 2024. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Mr. Warnock's trial must commence under the Speedy Trial Act.

The Court, however, DEFERS its ruling on Mr. Warnock's request to reset the pretrial motions deadline because that deadline expired a month before he filed this motion. *See* Dkt. No. 47 at 3 (setting pretrial motions deadline for November 27, 2023). Absent good cause, a party who fails to meet the pretrial motions deadline waives pretrial objections. *See* Fed. R. Crim. P. 12(b)(3), (c)(1), (c)(3); *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021). Mr. Warnock provides no explanation—let alone good cause—for his failure to file the instant motion on or before the November 27th deadline. *See generally* Dkt. No. 57. The Court therefore ORDERS Mr. Warnock to show cause by January 12, 2024 why this failure should not constitute a waiver of his Rule 12(b)(3) defenses, objections, and requests. To the extent the Government intends to file pretrial motions, it too must show cause why its failure to timely move for an extension of the pretrial motions deadline should not constitute a waiver of its Rule 12(b)(3) objections and requests.

Dated this 4th day of January, 2024.

Lauren King
United States District Judge

ORDER GRANTING IN PART UNOPPOSED MOTION TO CONTINUE TRIAL, DEFERRING REQUEST TO RESET PRETRIAL MOTIONS DEADLINE, AND ORDERING PARTIES TO SHOW CAUSE - 3