UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>BRIAN MICHAEL WARNOCK,<br><br>                    Defendant. | CASE NO. 22-CR-00150-LK<br><br>ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND DISCHARGING ORDER TO SHOW CAUSE |

      This matter comes before the Court on Defendant Brian Michael Warnock's response to the Court's Order to Show Cause. Dkt. No. 60. On January 4, 2024, the Court granted Mr. Warnock's unopposed motion to continue the trial date to April 8, 2024, but deferred ruling on Mr. Warnock's motion to continue the pretrial motions deadline and ordered him to show cause why his failure to timely file a request for continuance should not constitute a waiver of pretrial objections. Dkt. No. 59 at 3 (citing *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021)).

      On January 11, 2024, Mr. Warnock timely responded to the Court's order. Dkt. No. 60. He argues that the Court has discretion to reset the deadline "at any time," so his motion to reset the pretrial motions deadline was therefore not untimely and "does not require a showing of good

ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND DISCHARGING ORDER TO SHOW CAUSE - 1

cause to have the request considered." *Id.* at 2 (citing Fed. R. Crim. P. 12(b)(3)). Mr. Warnock mistakes the Court's authority to continue the pretrial motions deadline "at any time" with when he must make a request to continue the deadline. Such a request cannot be made "at any time"; rather, absent good cause, the motion must be filed before the deadline set by the court. *See* Fed. R. Crim. P. 12(b)(1), 12(c)(1); LCrR 12(b)(10) ("A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise."). Indeed, the Court's Standing Order for All Criminal Cases expressly requires that "[a]ll motions . . . shall be made prior to the pretrial motions deadline." Dkt. No. 19 at 2. Mr. Warnock's response provides no explanation for why he could not have filed the motion to continue the pretrial motions deadline before that deadline passed. Furthermore, "a failure to timely raise a pretrial objection required by Rule 12, 'absent a showing of good cause,' constitutes a waiver" of that objection. *Ghanem*, 993 F.3d at 1120 (quoting *United States v. Guerrero*, 921 F.3d 895, 898 (9th Cir. 2019)).

Nevertheless, to serve the ends of justice—and because the Government does not oppose Mr. Warnock's motion—the Court declines to reach the issue of waiver here. However, the Court cautions counsel that, absent good cause, further late-filed motions to continue the pretrial motions deadline will not meet the same fate.

The Court DISCHARGES its January 4, 2024 Order to Show Cause, GRANTS Mr. Warnock's motion, and CONTINUES the pretrial motions deadline to February 26, 2024.

Dated this 19th day of January, 2024.

Lauren King
United States District Judge